# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | |
|---|---|
| WILLIAM H. EVANS, JR., <br>     Petitioner, <br><br> v. <br><br> UNITED STATES MARSHAL <br> SERVICE, et al., <br>     Respondents. | Case No. 1:14-cv-912 <br><br> Black, J. <br> Bowman, M.J. <br><br> **REPORT AND** <br> **RECOMMENDATION** |

On October 29, 2014, petitioner, an inmate currently incarcerated at the Ross Correctional Institution, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the United States District Court for the District of Columbia. (Doc. 1). On November 25, 2014, this habeas corpus action was transferred to this Court. (*See* Doc. 3). The undersigned issued a Deficiency Order on December 5, 2014, requiring petitioner to pay the full filing fee or submit a completed *in forma pauperis* application. (Doc. 5). Petitioner subsequently filed a motion for leave to proceed *in forma pauperis* (Doc. 9), which was denied. (Doc. 12). Petitioner was ordered to pay the full filing fee within thirty (30) days. Petitioner filed a motion for reconsideration, which was also denied by the Court. (Doc. 14, 16). Petitioner was again ordered to pay the filing fee within thirty (30) days. (Doc. 16).

    On March 13, 2015, petitioner filed a notice of appeal, challenging the Court's denial of his *in forma pauperis* motion. (Doc. 17). On May 25, 2016 and July 12, 2016 respectively, the Sixth Circuit Court of Appeals affirmed the Court's Order denying petitioner's motion to proceed *in forma pauperis* and issued a mandate. (Doc. 28, 29). On August 20, 2016, the undersigned issued an Order requiring petitioner to pay the $5.00 filing fee within thirty (30) days. (Doc. 31). Petitioner was advised that failure to pay the filing fee will result in the dismissal of this action for want of prosecution.

To date, more than thirty (30) days after the Court's August 20, 2016 order, petitioner has failed to pay the filing fee in this matter.  Petitioner filed three documents subsequent to the August 30, 2016 Order (Doc. 32, 33, 34), all largely non-responsive to the Order.  In his motion to transfer (Doc. 32), petitioner does contend that he was already granted leave to proceed *in forma pauperis* by the District Court for District of Columbia in case number 1:15-cv-1612 before the case was transferred to this Court.  (*Id.* at PageID 88).  However, the instant case was not the result of the transfer of case number 1:15-cv-1612, but case number 1:14-cv-1818.  In the transfer order in 14-1818, the District Court for the District of Columbia specifically noted that "[w]hether petitioner should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court."  (Doc. 3, at PageID 7–8).  This Court denied petitioner leave to proceed *in forma pauperis* and has ordered petitioner on several occasions to pay the filing fee in this action.

District courts have the inherent power to *sua sponte* dismiss civil actions for want of prosecution "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."  *Link v. Wabash R.R.*, 370 U.S. 626, 630-631 (1962).  Failure of a party to respond to an order of the Court warrants invocation of the Court's inherent power in this federal habeas corpus proceeding.  *See* Fed. R. Civ. P. 41(b); *see also* Rule 11, Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254.

Accordingly, because petitioner has failed to comply with the August 20, 2016 Order requiring petitioner to pay the $5.00 filing fee within thirty (30) days, petitioner's petition for a writ of habeas corpus (Doc. 1) should be **DISMISSED** for lack of prosecution.

**IT IS SO RECOMMENDED.**

                 *s/ Stephanie K. Bowman*
                 Stephanie K. Bowman
                 United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| WILLIAM H. EVANS, JR.,<br>    Petitioner,<br><br>    v.<br><br>UNITED STATES MARSHAL<br>SERVICE, et al.,<br>    Respondents. | Case No. 1:14-cv-912<br><br>Black, J.<br>Bowman, M.J. |

### NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.  This period may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).